UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE KIRKLAND,

                Plaintiff,                Case No. 12-cv-11028
                                                  Honorable Avern Cohn
                                                  Magistrate Judge David R. Grand

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

                Defendant.
_____/

**REPORT AND RECOMMENDATION ON DEFENDANT'S
MOTION TO DIMISS PLAINTIFF'S COMPLAINT [10]**

**I.    RECOMMENDATION**

This matter is before the court on Defendant Commissioner of Social Security's Motion to Dismiss plaintiff George Kirkland's complaint [10], which has been referred to this court for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the court **RECOMMENDS GRANTING** Defendant's motion **[10]** and dismissing Kirkland's complaint without prejudice.

**II.    REPORT**

    **A.    Background**

The following facts in this paragraph are not in dispute. Plaintiff George Kirkland brings this action pursuant to 42 U.S.C. § 405(g), challenging a decision of Defendant Commissioner of Social Security ("Commissioner") relating to receipt of benefits under Title II of the Social Security Act (the "Act"). On May 15, 2001, Kirkland filed an application for benefits under the Act and was found entitled to such benefits. Subsequently, the Social Security Administration

("SSA") determined that he was not entitled to benefits for the period between April 2009 and June 2010 because he was incarcerated during that period. Kirkland filed a request for reconsideration of that determination in June 2010 and he was notified on May 7, 2011, that his position had been reconsidered and rejected.[1] (Doc. #10-1 at 4). The notification denying reconsideration specifically advised Kirkland that he had 60 days from his receipt of the notice to request a hearing before an ALJ. (*Id.*).

Kirkland and the Commissioner do not agree as to what transpired next. In his response to the Commissioner's motion, Kirkland asserts that he submitted (apparently by hand) two separate requests for review to the "Connor Street Social Security Branch in Detroit, Michigan": (1) a request for a hearing before an ALJ on the issue of his entitlement to benefits during his April 2009 – June 2010 incarceration; and (2) a request for reconsideration of an alleged overpayment to him in the amount of $256.10 in March 2011. (Doc. #12 at 2-3). He further states that the branch manager gave him "signed and dated copies of these requests" and indicated that she "would forward the original requests" to his local branch.[2] (*Id.* at 3-4).

---

[1] Kirkland's position seems to be that the SSA erred in denying him benefits during his incarceration because (according to him) his incarceration was paid for not out of "public funds," but out of his $17,500 Certificate of Deposit that the court ordered him to pay to the MDOC. (Doc. #1 at 25; Doc. #10-1 at 6). However, as explained in the Social Security's May 7, 2011 reconsideration letter, the cost of Kirkland's incarceration was $130,470. (Doc. #10-1 at 6). Thus, it appears that the vast majority of his incarceration was paid for with public funds. The broader point is that, contrary to Kirkland's assertion, the SSA specifically addressed his argument on this issue and ruled against him at the reconsideration stage. *Id.*

[2] Kirkland did not provide the court with a copy of this alleged signed and dated request, although he claims he has one "in [his] possession." (Doc. #12 at 4). He insists instead that a SSA letter from October 12, 2011, which concerned reconsideration of the $256 overpayment, shows that the Administration received his request for a hearing. (*Id.*). Kirkland's argument is that because he submitted his request for reconsideration of the overpayment on the same day he submitted his request for a hearing, his receipt of a letter concerning the overpayment should serve as proof that the Commission also received his request for a hearing. (*Id.*). However, that conclusion only necessarily follows if the two requests were made not only "at the same time," *id.*, but in the same document, and Kirkland did not provide the court with a copy of the SSA's

2

Defendant supports its motion with a declaration from the Chief of Court Case Preparation and Review, Branch 3, Patrick Herbst, who avers that the Commission has no record of receiving a request for a hearing from Kirkland. (Def. Mot. Exh. 1 ¶ 3(b)). Regardless, there is no dispute that no hearing was ever held before an ALJ regarding Kirkland's entitlement to benefits during his incarceration. (Doc. #10-1, ¶3(b); #12 at 4).

### B.      Defendant's Motion

Defendant moves to dismiss Kirkland's complaint, arguing that because the hearing he allegedly sought never took place, there is no "final decision of the Commissioner made after a hearing," without which this court lacks jurisdiction. Defendant's motion is supported by Herbst's declaration. Because Defendant has submitted a declaration, the court will treat its motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under rule 56.").

### C.      Analysis

Federal Rule of Civil Procedure 56 provides: "The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Pittman v. Cuyahoga County Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011). A fact is material if it might affect the outcome of the case under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the court assumes the truth of the non-moving party's evidence and construes all reasonable inferences from that evidence in the light most favorable to the non-moving party. *See Ciminillo*

---

October 12, 2011 letter, or a copy of the request for reconsideration to which it refers.

*v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion, and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.,* 256 F.3d 446, 453 (6th Cir. 2001), *quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). In response to a summary judgment motion, the opposing party may not rest on its pleadings, nor "'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander*, 576 F.3d at 558, *quoting Street v. J.C. Bradford & Co.,* 886 F.2d 1472, 1479 (6th Cir. 1989).

Sections 205 (g) and (h) of the Social Security Act ("the Act"), 42 U.SC. §§ 405(g)-(h), authorize judicial review in cases arising under Title II of the Act. Section 205(g) provides:

> Any individual, after any final decision of the Commissioner of Social Security **made after a hearing** to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). Section 205(h) provides: "No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided." 42 U.S.C. § 405(h). Therefore, review of denials of social security benefits in this court are subject to the jurisdictional requirements set forth in the Act, and the Act only authorizes judicial review after a "final decision of the

4

Commissioner," which was "made after a hearing." 42 U.S.C. § 405(g).

Here, the unrebutted declaration of Mr. Herbst demonstrates that no request for a hearing before an ALJ was ever received by the SSA. (Doc. #10-1, ¶3(b)). Even if that issue were contested factually, it is undisputed that no hearing was ever held. Clearly, without such a hearing, there can be no final decision of the Commissioner "made after a hearing." Thus, this court lacks jurisdiction over the matter Kirkland is asking it to consider. 42 U.S.C. §405(g).

Therefore, Defendant's motion should be granted and Kirkland's complaint should be dismissed without prejudice.[3]

## III. CONCLUSION

For the foregoing reasons, the court **RECOMMENDS** that Defendant's Motion to Dismiss **[10]** be **GRANTED** and that Kirkland's complaint be dismissed **WITHOUT PREJUDICE**.

Dated: August 22, 2012                                       s/David R. Grand
Ann Arbor, Michigan                                       DAVID R. GRAND
                                                                              United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v.*

---

[3] The court recommends dismissing Kirkland's complaint without prejudice because, to the extent he can present the SSA with sufficient proof that he timely filed a request for a hearing, there may be a possibility that the Commissioner would still grant Kirkland a hearing on his claim. In turn, that could enable Kirkland to complete the exhaustion requirements spelled out in 20 C.F.R. §416.1400(a)(1)-(4) and ultimately be in a position to present this court with a "final decision made after a hearing" for review. 42 U.S.C. §405(g).

*Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 22, 2012.

                                                s/Felicia M. Moses
                                                FELICIA M. MOSES
                                                Case Manager