UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE KIRKLAND,

    Plaintiff,

v.

Case No. 12-11028

HON. AVERN COHN

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

**MEMORANDUM AND ORDER
OVERRULING PLAINTIFF'S OBJECTIONS (Doc. 15)
AND
ADOPTING REPORT AND RECOMMENDATION (Doc. 13)
AND
GRANTING DEFENDANT'S MOTION TO DISMISS (Doc. 10)
AND
DISMISSING CASE WITHOUT PREJUDICE**

I.

This is a social security case. On March 7, 2012, plaintiff George Kirkland, proceeding pro se, filed this action seeking judicial review of an unfavorable decision regarding his disability benefits. The matter was referred to a magistrate judge for all pretrial proceedings. Defendant, the Commissioner of Social Security (Commissioner), filed a motion to dismiss on the grounds that plaintiff had not sought and obtained a hearing before an administrative law judge (ALJ) and therefore had not obtained a final decision for review by this Court.

On August 22, 2012, the magistrate judge issued a report and recommendation

(MJRR) recommending that the Commissioner's motion be granted. Before the Court are plaintiff's objections to the MJRR.[1] For the reasons that follow, the objections will be overruled, the MJRR will be adopted, the Commissioner's motion to dismiss will be granted, and the case will be dismissed without prejudice.

II.

In 2001, plaintiff applied for and received benefits. However, plaintiff was later found to be not entitled to benefits for the period of April 2009 to June 2010 because he was incarcerated. Plaintiff's request for reconsideration was denied in a letter dated May 7, 2011. That letter advised plaintiff of his right to request a hearing before an ALJ within 60 days. Although plaintiff says he requested a hearing, the Commissioner has no record of plaintiff's request. It s undisputed that no hearing before an ALJ was held.

III.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985). Accordingly, Congress enacted 28 U.S.C. § 636(b)(1) to "insure[] that the district judge would be the final arbiter" of a matter referred to a magistrate judge. Flournoy v. Marshall, 842 F.2d

---

[1] Also before the Court is plaintiff's application for the appointment of counsel. Given that the case is being dismissed, the application is DENIED.

875, 878 (6th Cir. 1987).

IV.

Here, the magistrate judge recommends that the Commission's motion to dismiss be granted because the record does not contain any evidence indicating plaintiff requested, much less had, a hearing regarding the Commissioner's decision. Therefore, the magistrate judge concludes that absent a hearing, there is no final decision from the Commissioner from which plaintiff can obtain judicial review. The Court agrees. Judicial review of a Commissioner's decision is authorized by 42 U.S.C. § 405(g). That section "clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made <u>after a hearing</u>.' " Califano v. Sanders, 430 U.S. 99, 108 (1977) (quoting 42 U.S.C. § 405(g) emphasis added).

Nothing in plaintiff's objections convince the Court otherwise. Plaintiff objects to certain statements in the MJRR, contending they are not accurate. However, neither statement–regarding the alleged cost of his incarceration or whether plaintiff submitted an October 12, 2010 letter from the Commissioner–alter the fact that plaintiff never had a hearing before an ALJ, a necessary requirement before filing suit in federal court.

As noted in the MJRR, plaintiff may be able to obtain a hearing if he can provide proof to the Commissioner that he timely requested a hearing. Until such time as he completes the administrative process before the Commissioner, the Court cannot review the merits of his complaint.

V.

Accordingly, for the reasons stated above, plaintiff's objections are OVERRULED. The MJRR is ADOPTED as the findings and conclusions of the Court. The Commissioner's motion to dismiss is GRANTED. This case is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

 S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: September 7, 2012

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 7, 2012, by electronic and/or ordinary mail.

 S/Julie Owens
Case Manager, (313) 234-5160