UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE KIRKLAND,

    Plaintiff,

v.

    Case No. 12-11028

    HON. AVERN COHN

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (Doc. 19)

I.

This is a social security case. On March 7, 2012, plaintiff George Kirkland, proceeding pro se, filed this action seeking judicial review of an unfavorable decision regarding his disability benefits. The matter was referred to a magistrate judge for all pretrial proceedings. Defendant, the Commissioner of Social Security (Commissioner), filed a motion to dismiss on the grounds that plaintiff had not sought and obtained a hearing before an administrative law judge and therefore had not obtained a final decision for review by this Court.

On August 22, 2012, the magistrate judge issued a report and recommendation (MJRR) recommending that the Commissioner's motion be granted. Plaintiff filed objections. (Doc. 15). On September 7, 2012, the Court overruled the objections, adopted the MJRR, granted the Commissioner's motion to dismiss, and dismissed the case without prejudice. (Doc. 16).

On September 20, 2012, plaintiff filed a motion for reconsideration, which is now before the Court. (Doc. 19).[1]  For the reasons that follow, the motion will be denied.

II.

E.D. Mich LR 7.1(h) governs motions for reconsideration, providing in relevant part:

> Generally, and without restricting the court*s discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).

III.

Plaintiff states that there has been a misapprehension as to the nature of his complaint.  Plaintiff states his complaint was not filed seeking judicial review regarding a denial of benefits under 42 U.S.C. § 405(g), but rather was brought under 42 U.S.C. § 1383(b) regarding the Commissioner's alleged negligence in handling benefit overpayments.

Plaintiff's argument is misguided.  Section 1383(b) is not a jurisdictional statute. See Wright v. Commissioner of Social Sec., 2010 WL 3290984 (E.D. Mich. May, 12,

---

[1]On September 13, 2012, the Court received a paper from plaintiff styled "Amendment to Plaintiff's Objections to 'Report and Recommendation on Defendant's Motion to Dismiss Plaintiff's Complaint filed 8/22/12." (Doc. 18).  Plaintiff signed and dated the amendment on September 5, 2012.  Thus, the Court assumes that plaintiff prepared the amendment prior to receiving the Court's dismissal order.  The Court has considered the arguments in both plaintiff's "amendment" and in the motion for reconsideration.

2010).  Thus, plaintiff could not have filed a proper complaint under section 1383(b). Rather, section 1383(b) generally sets for the procedures when the Commissioner believes there has been an overpayment of benefits, providing that the overpayment must be recovered unless relief from repayment can be granted under the waiver provisions.  42 U.S.C. § 1383(b).  An overpaid individual is entitled to a waiver of recovery of the overpayment only if he or she is "without fault" in causing the overpayment, and (2) recovery of the overpayment would either defeat the purpose of Title XVI or be against equity and good conscience or impede efficient and effective administration of Title XVI due to the small amount involved.  42 U.S.C. § 1383(b)(1)(B).

In all events, plaintiff must still follow the administrative scheme, which includes having a hearing, before the Court can review any challenges, in whatever form, regarding an overpayment or recoupment of benefits.  Accordingly, plaintiff's motion for reconsideration is DENIED.

SO ORDERED.


Dated:  September 25, 2012         s/Avern Cohn
                                   AVERN COHN
                                   UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, September 25, 2012, by electronic and/or ordinary mail.

                                    s/Julie Owens
                                   Case Manager, (313) 234-5160


3